**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| PHIL YOUNGCLAUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| AARENE CONTRACTING, L.L.C., | ) | 1:14-CV-01723-RWS |
| and GARY L. MILLS, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## JOINT MOTION FOR STIPULATED JUDGMENT APPROVING FLSA SETTLEMENT AGREEMENT

Plaintiff Phil Youngclaus ("Plaintiff" or "Youngclaus") and Defendants Aarene Contracting, LLC ("Aarene") and Gary L. Mills ("Mills") (collectively "Defendants") (together, the "Parties"), by and through their respective undersigned counsel, hereby file this Joint Motion for Stipulated Judgment Approving FLSA Settlement Agreement. In support of their joint motion, the Parties state as follows:

### STATEMENT OF FACTS AND SUMMARY OF PROCEEDINGS

Youngclaus worked under the job title of "Construction Superintendent" for Aarene, a commercial construction project management company, under the management and/or supervision of its President, individual defendant Gary Mills.

Youngclaus brought this individual action against Aarene and Mills seeking allegedly unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  Defendants contend that Youngclaus was exempt from the overtime laws.  The Parties agreed to settle the case as to Plaintiff's overtime and liquidated damages, with the Court to decide the amount of attorney's fees and costs to be paid to Plaintiff's counsel on a fee petition to be filed after settlement approval, and now request this Court's entry of a stipulated judgment approving the settlement agreement.

      A.    <u>Pleadings and Pre-Trial Motions</u>.

On or about June 4, 2014, Youngclaus filed a Complaint against Defendants alleging violations of the FLSA and seeking recovery of unpaid overtime compensation, liquidated damages, and attorney's fees and costs.  [Doc. 1]  The Complaint alleges that Youngclaus was misclassified as exempt under the FLSA.

Defendants answered, alleging numerous affirmative defenses, including but not limited to asserting that Plaintiff's job duties satisfied the executive and administrative exemptions to the FLSA's overtime pay requirements.  [Doc. 5]  On January 20, 2015, Defendants filed an Amended Answer that had the effect of withdrawing the executive exemption defense.  [Doc. 21]  On January 28, 2015, Defendants filed a motion for leave to file a Second Amended Answer that would

2

have the effect of withdrawing its affirmative defense of absolute protection from liability under 29 U.S.C. § 259. [Doc. 22-2]

On January 19, 2015, Defendants filed a partial motion for summary judgment, requesting a ruling that if Youngclaus damages is entitled to damages, those damages should be calculated pursuant to the method of calculation that Defendants contends to have been established by the United States Supreme Court decision in *Overnight Motor Transp. Co., Inc. v. Missel*, 316 U.S. 572 (1942) (the "Missel method").  [Doc. 18]  On January 30, 2015, Youngclaus filed a partial motion for summary judgment on the issues of liability under the administrative exemption, Defendants' good-faith defense to liquidated damages under Section 260 of the FLSA, and whether Defendant Mills should be held individually liable as an employer.  [Doc. 23]

On February 2, 2015, before the parties responded to the respective summary judgment motions filed, the Court ordered the parties to mediation and stayed the case pending mediation.   [Doc. 25]   The parties then engaged in mediation with Magistrate Judge Janet F. King on April 23, 2015, and as a result of that mediation, the parties reached agreement to settle the case as set forth in the attached Settlement Agreement.

B.   Discovery.

On August 18, 2014, at the Rule 26(f) Early Planning Conference, Defendants provided Plaintiff with documents related to his employment with Defendants.   After exchanging initial disclosures, the parties served written discovery, conducted the depositions of plaintiff Youngclaus and defendant Mills, and engaged in discovery and Open Records Act requests of third parties prior to the mediation and settlement of Youngclaus's overtime damages claims in this case.

C.   Settlement.

In July 14, 2014, Youngclaus sent Defendants a demand letter reflecting Youngclaus's calculation of his FLSA damages, including estimated hours worked on a week-by-week basis and calculation of back pay, liquidated damages and attorneys' fees and costs, but offered to accept the same settlement calculation formula that counsel for both parties utilized in a previously litigated and settled case against the same Defendants.[1]   That settlement would have been a lump sum settlement payment amount that constituted a compromise between Defendants'

---

[1] *Brackett v. Aarene Contracting, LLC and Gary Mills*, No. 1:13-cv-1461-AT (N.D. Ga.) involved overtime claims by a construction Superintendent against the same Defendants with all parties represented by the same counsel as in the instant case.   The parties settled the *Brackett* lawsuit before taking any depositions and before filing any dispositive motions.

respective position on damages (overtime calculated pursuant to the *Missel* method) and Youngclaus's position (overtime calculated at time-and-a-half the rate utilized for non-overtime hours worked, inclusive of all additional compensation not covered by the exclusions in Section 207), which would have resulted in a settlement calculation of 225% of the maximum half-time damages amount to be paid to Youngclaus, grossed up for fees and costs so that Youngclaus would receive that 225% calculation amount net of counsel's fees and costs, for a total demand amount of $94,400.00.  Defendants rejected that initial settlement demand and did not counter with any settlement offer until January 12, 2015, when Youngclaus received Defendants' Rule 68 Offer of Judgment for $13,500 in overtime damages and $13,500 in liquidated damages, plus reasonable attorneys' fees and costs limited to only those incurred up to the date of the offer to be awarded by the Court.  Youngclaus did not accept and thereby rejected the Rule 68 offer.  Prior to the expiration of that offer, and before the completion and filing of Youngclaus's summary judgment motion, Youngclaus offered to settle the case for a lump sum payment of $90,000 inclusive of all damages, fees and costs.  This offer did not specify the amount which would be designated as damages or the amount which would be designated as fees and costs. Defendants rejected the offer and declined further settlement negotiations until such time as the Court ruled on

their partial summary judgment motion on damages (again, prior to Youngclaus filing his affirmative motion for summary judgment on liability and other issues).

In compliance with Magistrate Judge King's Order that the parties must engage in further settlement discussions prior to the mediation, the parties resumed settlement talks.  On April 17, 2015, Defendants offered Youngclaus $8,770.05 in overtime damages, an additional $8,770.05 as liquidated damages, for a total of $17,540.10, plus reasonable attorney's fees and costs limited to only those accrued as of that date in an amount to be agreed upon by the parties at the mediation or decided by the Court.   Youngclaus declined that offer.   On April 22, 2015, Youngclaus presented Defendants within an opening demand for $72,000, plus additional payment of Youngclaus's fees and costs incurred in this case through final judgment (including but not limited to fees for post-settlement approval motion and fee petition), the amount of which the parties can either agree upon by settlement or, if the parties cannot agree, then to be awarded by the Court. However, in the same communication, Youngclaus reiterated his opening offer that he would accept payment from Defendants of $56,400 to Youngclaus for his overtime back pay and liquidated damages claims (net of an additional amount to be paid for fees and costs through final judgment), which represents an amount to

Youngclaus using the same method of calculation used in the *Brackett v. Aarene* case.  Defendants declined Youngclaus's demand.

On April 23, 2015, the parties engaged in mediation with Magistrate Judge King, and reached an agreement as to all material terms of settlement as set forth in the Settlement Agreement and Release (the "Agreement") attached hereto as Exhibit A.  Under the Agreement, without admitting liability, Defendants agree to pay the total amount of $38,750 to Youngclaus ($19,375 for alleged back overtime wages, and $19,375 for alleged liquidated damages).  After reaching the agreement as to Youngclaus's damages,  Youngclaus then made an offer to settle the amount of fees and costs owed; however, Defendants requested a few days to consider the offer.

On April 27, 2015, Defendants rejected the offer, and informed Youngclaus that they wanted the fee/cost portion to be decided by the Court upon a fee petition and did not want to negotiate the fees and costs.  Defendants contend that it was originally agreed upon by the parties at the mediation that Youngclaus's fees and costs would be decided either through negotiations or by a fee petition. Youngclaus recalls differently, and contends that it was originally agreed upon by the parties at the mediation that they would first attempt to negotiate fees and costs, and if they did not settle fees and costs, Youngclaus would file a fee petition to be

7

filed after settlement approval, asking the Court to decide the amount of fees and costs to be awarded to Youngclaus through the date of final judgment. Regardless, the parties signed the attached Settlement Agreement.

Therefore, the parties jointly submit to this Honorable Court for approval of settlement the attached signed Settlement Agreement regarding the settled issue of payment to Youngclaus of his overtime and liquidated damages only. Youngclaus will separately petition the Court for an award of his fees and costs after approval of settlement conferring prevailing party status on Youngclaus.

## ARGUMENT AND CITATION OF AUTHORITY

In order to have an enforceable release of FLSA claims in this Circuit, either the Court or the U.S. Department of Labor must review and approve agreements settling alleged violations of the FLSA. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (holding claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). Because the Agreement was not made under the supervision of the Secretary of Labor, "it is valid only if the district court enter[s] a 'stipulated judgment' approving it." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013) (citing *Lynn's Food, 679 F.2d at 1352-54*). Accordingly, the

Parties are submitting a copy of the Agreement for the Court's review, ratification, and entry of stipulated judgment approving it.

In order to approve a settlement of overtime claims proposed by an employer and an employee, a court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.  *Lynn's Food*, 679 F.2d at 1355.  If a settlement in an employee FLSA suit reflects a "reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

## I.     APPROVAL OF PAYMENT TO PLAINTIFF

There is a strong presumption in favor of finding a settlement fair.  *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit Court of Appeals "favor[s] and encourage[s] settlements in order to conserve judicial resources.").  In determining whether the settlement is fair, adequate, and reasonable, courts may (but are not required to) examine the following factors that are also used in approving the settlement of class actions under Federal Rule of Civil Procedure 23:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;

9

(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Alabama, Nat'l Assoc.*, 18 F.3d 1527, 1530-31, n.6 (11th Cir. 1994); *Garcia v. Riccy's Landscaping Servs., Inc.*, No. 6:08-cv-706-Orl- 28GJK, 2009 WL 347418, at *2 (M.D. Fla. Feb. 11, 2009); *Hitchcock v. Orange County, Fla.*, No. 604CV1722ORL28JGG, 2006 WL 3614925, at *3 (M.D. Fla. Dec. 11, 2006).

    1. <u>The Possible Existence of Collusion</u>.

    In July, 2014, Youngclaus provided Defendants with his initial settlement demand, arguing he was misclassified as exempt from the FLSA overtime laws and provided Defendants with his estimates of his overtime hours worked and the overtime and liquidated damages he is owed using the time and a half method of calculation, with the regular rate divided by 40, for the full three-year recovery period for willful violations of the FLSA.  Throughout this litigation, Defendants have insisted that Youngclaus was properly classified as exempt, but even if held to be non-exempt, Youngclaus's damages could only be calculated by the remedial half-time method, using a regular rate divided by all hours Youngclaus worked in a given workweek.  Throughout this litigation, Youngclaus has maintained an opposing position on each of these issues.

As set forth above, the Parties engaged in extensive and continued settlement negotiations throughout this litigation before ultimately reaching a settlement agreement as to Youngclaus's damages at mediation. The final settlement amount of $38,750 net of fees and costs to be paid to Youngclaus is higher than the $25,056.29 amount that Defendants contend to be the maximum possible damages that Youngclaus could ever be awarded if entitled to overtime on all of his overtime hours claimed in this case, for a maximum three year recovery period with full liquidated damages, inclusive of all "per diem" and phone allowance payments, calculated at remedial half-time, the method Defendants contend to be applicable in FLSA misclassification cases such as this one.[2] Thus, the settlement in this case is the ultimate result of arms-length negotiations by Parties who were well represented by counsel and made aware of all potential outcomes by counsel and the mediator, and represents a compromise between the legal positions taken by the Parties in this litigation. The settlement is fair, the payment to Youngclaus is equitable, and there is no evidence of collusion.

---

[2] Although Defendants' Rule 68 Offer of Judgment to Youngclaus reflected an amount of $27,000 in overtime and liquidated damages, net of fees and costs, Defendants do not dispute that the maximum possible damages that Youngclaus could ever be awarded if entitled to overtime on all of his overtime hours claimed in this case, for a maximum three year recovery period with full liquidated damages, inclusive of all "per diem" and phone allowance payments, calculated at remedial half-time are $25,056.29.

2. <u>The Complexity, Expense, and Likely Duration of the Litigation</u>.

The Agreement allows Youngclaus to recover a substantial recovery now, without suffering the delay and risk of litigating his claims through trial.  In this case, further litigation, including responses to the parties' filed motions for summary judgment, a trial, and potential appeals, could drag on for years and require the expenditure of a tremendous amount of resources.

3. <u>The Stage of the Proceedings and the Amount of Discovery Completed</u>.

This factor considers whether the parties have had the opportunity to fully evaluate the claims.  *Carnegie v. Mut. Sav. Life Ins. Co.*, No. Civ. A. CV-99S3292NE, 2004 WL 3715446, *22 (N.D. Ala. Nov. 23, 2004); *Meyer v. Citizens and S. Nat'l Bank*, 677 F. Supp. 1196, 1209-10 (M.D. Ga. 1988) (*citing Holmes v. Cont'l Can Co.*, 706 F.2d 1144, 1149 (11th Cir. 1983)).

In this case, as summarized above, the Parties exchanged discovery requests, and Defendants produced documents related to Youngclaus's job duties, pay, and hours worked, as well as company policies and procedures, and possible defenses to FLSA liability.  Youngclaus produced documents to Defendants relevant to his employment and time at Aarene, as well as Youngclaus's calculation of damages.

Youngclaus's counsel served and received responses to an Open Records Act request regarding the prevailing wage requirements of the public works

projects that Youngclaus serviced for Defendants.  By issuance of subpoenas, Defendants received documents relevant to Youngclaus's subsequent employment with Winter Construction and Hodgen.  Further, defense counsel deposed Youngclaus, and Youngclaus's counsel deposed Defendant Gary Mills.  Both parties also filed motions for summary judgment.  As a result of these efforts, the Parties have had sufficient information upon which to assess the potential merit of each claim, ultimate liability, and the apparent risk of proceeding to trial.

     4. <u>The Probability of Youngclaus's Success on the Merits</u>.

     Defendants asserted throughout this litigation that Youngclaus is exempt from the FLSA's overtime requirements, but even if owed any overtime wages at all, that he is only owed overtime wages calculated using the remedial half-time method, as opposed to time-and-a-half.  Defendants primarily relied upon their interpretations of *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572 (1942), *Urnikis-Negro v. American Family Prop.*, 616 F.3d 665 (7th Cir. 2010), and *Martin v. Southern Premier Contactors*, *Inc*., 2013 WL 822635 (N.D. Ga. Mar. 6, 2013), to support their position that the remedial half-time is the appropriate method of calculation, given the facts they contend to have been established in this case.  In asserting this position, Defendants expressly disclaimed any reliance on the so-

called "fluctuating workweek" method of compensating non-exempt employees pursuant to 29 C.F.R. § 778.114.

Conversely, Youngclaus asserted throughout this litigation and in his partial motion for summary judgment that he was non-exempt,[3] and that under the Eleventh Circuit's decisions such as *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299 (11th Cir. 2013), half-time is neither the default nor the only method of calculating overtime back wages, and therefore it is for a jury to decide whether to award overtime damages at time-and-a-half rather than at the remedial half-time calculation. Youngclaus further asserted that *Missel* and *Urnikis-Negro* are distinguishable among other reasons because the plaintiff in those cases received only a fixed weekly salary, unlike here, where Youngclaus was not paid solely on a salary basis because he also received "per diem" payments for certain days worked out of town which caused his weekly pay to vary contrary to the "fixed weekly amount" requirement of 29 C.F.R. § 778.114.

The Parties therefore disagree on the probability of Youngclaus's success on the merits both as to liability and damages.

5. The Range of Possible Recovery.

---

[3] *See, e.g., Gottlieb v. Constr. Servs. Consultants, Inc.*, No.05-14139-CIV, 2006 U.S. Dist. LEXIS 97446 (S.D. Fla. Jul. 24, 2006) (holding commercial construction project supervisor was non-exempt under the FLSA's administrative exemption).

"[T]here is a range of reasonableness with respect to a settlement—a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972).

As stated above, the Parties dispute the calculation of damages owed on Youngclaus's estimated overtime hours worked to be awarded in this case if Defendants did not prevail on their exemption defense.

Next, regarding Youngclaus's claim for liquidated damages in an amount equivalent to overtime damages under Section 216(b) of the FLSA, Defendants contend that this Court would be required to deny or reduce the liquidated damages based on their "good faith" defense. Youngclaus argues that Defendants cannot clear the high hurdle required to deny him the liquidated damages to which he would be presumptively entitled under the FLSA.

The range of possible recovery would also be reduced substantially (by approximately five months of work weeks) if Youngclaus were unable to prove that Defendants' alleged violation of the FLSA was "willful," as required in order to extend the statute of limitations for recovery from two to three years preceding the date Youngclaus filed his claim in this civil action.

As stated above, according to Defendants' calculations of maximum potential liability for damages at the remedial half-time method, Youngclaus would only be entitled to recover $25,056.29 in back pay and full liquidated damages on his FLSA claims, even if Youngclaus succeeded in overcoming Defendants' exemption and willfulness defenses and the jury credited Youngclaus with every hour of overtime work that he claimed.  Youngclaus contends that his maximum possible recovery would be much higher if the jury determines that his salary was only meant to compensate a forty-hour workweek, resulting in calculation of FLSA damages at a much higher regular rate (salary divided by 40 hours) and payment of overtime back pay at time-and-a-half that regular rate rather than remedial half-time, doubled for liquidated damages.

Thus, the range of possible recovery to Youngclaus (net of fees & costs) was zero if Defendants proved their exemption defenses; $8,948.06 if Defendants lost on their exemption defenses but succeeded on all of their calculation arguments and "good faith"/willfulness defenses; $12,528.14 if Defendants lost on their exemption and willfulness defenses but succeeded on all of their calculation arguments and "good faith" defense; twice that amount ( $25,056.29) if Defendants lost on their exemption and willfulness defenses as well as their "good faith" defense to liquidated damages but succeeded on all of their calculation arguments;

and a higher amount if Youngclaus succeeded on every disputed legal issue and calculation method.  The settlement payment of $38,750.00 net to Youngclaus is significantly higher than maximum possible net recovery amount that Defendants contend Youngclaus would be entitled to recover even if the jury credited every estimated overtime hour claimed in this lawsuit, for the full three-year recovery period, with full liquidated damages, inclusive of all additional compensation Youngclaus received, at that remedial half-time calculation.

      6. <u>Counsels' Opinions</u>.

      Based on what the Parties learned through discovery, including depositions and non-party document productions, and from extensive research and investigation, the Parties negotiated a fair settlement for Youngclaus.  By settling, Youngclaus avoids the risks of not establishing liability at trial and the possibility of an adverse judgment under Fed. R. Civ. P. 54 (and/or due to Defendant's unaccepted Offer of Judgment under Fed. R. Civ. P. 68), avoids substantial and indefinite delay in payment involved in having to wait for trial and any appeals, and avoids potential adverse determinations on damages such as rejection or reduction of the hours claimed or reduction of the calculation of overtime damages and/or liquidated damages arising from the number of overtime hours proven. Finally, Youngclaus was only required to provide a limited scope release expressly

limited to only his individual claims under the Fair Labor Standards Act for payment of hours worked and damages arising therefrom up to the date of the Agreement, and received in return a mutual release from Defendants of any claims arising out of or related to Youngclaus's claims released in the Agreement. Defendants' and Youngclaus's counsel therefore recommended acceptance of this settlement.

## II.    APPROVAL OF PAYMENT OF ATTORNEY'S FEES

As noted above, Defendants declined to negotiate Youngclaus's attorneys' fees.  Therefore, Youngclaus will separately and subsequently petition the Court for an award of Youngclaus's reasonable attorneys' fees and costs incurred through the date of final judgment.

## <u>CONCLUSION</u>

For the reasons set forth above and for good cause shown, the Parties respectfully request that this Court enter the Order attached hereto as Exhibit B approving the Agreement attached hereto as Exhibit A.

Respectfully submitted this 12th day of May, 2015.


<u>*s/ Jerilyn E. Gardner*</u>          <u>*s/ Edward N. Boehm, Jr.*</u>
C. Andrew Head                      Andria L. Ryan
GA Bar No. 341472                   GA Bar No. 461495
Jerilyn E. Gardner                  Edward N. Boehm, Jr.

18

GA Bar No. 139779
Attorneys for Plaintiff
Fried & Bonder, LLC
White Provision, Suite 305
1170 Howell Mill Rd., NW
Atlanta, Georgia 30318
Telephone: (404)995-8808
Facsimile: (404)995-8899
Email: jgardner@friedbonder.com
        ahead@friedbonder.com

GA Bar No. 183411
Attorneys for Defendants
FISHER & PHILLIPS, LLP
1075 Peachtree Street, N.E.
Suit3 3500
Atlanta, Georgia 30309
Email: aryan@laborlawyers.com
        tboehm@laborlawyers.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 12, 2015, the foregoing Joint Motion for Stipulated Judgment Approving FLSA Settlement Agreement was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Andria L. Ryan
Edward N. Boehm, Jr.

s/ Jerilyn E. Gardner
C. Andrew Head
GA Bar No. 341472
Jerilyn E. Gardner
GA Bar No. 139779
Attorneys for Plaintiff
Fried & Bonder, LLC
White Provision, Suite 305
1170 Howell Mill Rd., NW
Atlanta, Georgia 30318
Telephone: (404)995-8808
Facsimile: (404)995-8899
Email: jgardner@friedbonder.com
        ahead@friedbonder.com