UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PHIL YOUNGCLAUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| AARENE CONTRACTING, L.L.C., | ) | 1:14-CV-01723-RWS |
| and GARY L. MILLS, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES

Plaintiff, the prevailing party after this Court's Order granting the Parties' Joint Motion for Stipulated Judgement of FLSA Settlement [Doc. 32], hereby moves the Court for an award of Plaintiff's attorney's fees.[1]

## I.   INTRODUCTION AND BACKGROUND

On June 4, 2014, Plaintiff filed his Complaint [Doc. 1] against Defendants, alleging that he was misclassified as exempt and therefore denied overtime pay under the FLSA in his position as a construction Superintendent for Defendant

_____

[1] On June 17, 2015, the clerk taxed costs [Doc. 35] in the amount requested by Plaintiff's Bill of Costs, which Defendants did not oppose.

1

Aarene, a commercial project management company that manages the work of subcontractors on an owner's construction project.

A. Summary of Plaintiff's Attempts To Reach Early Resolution

Plaintiff's counsel had litigated a prior case against the same two defendants (Aarene and Mills), who were represented by the same defense counsel in that case as here,[2] which resulted in a Court-approved settlement (after a mediation and additional negotiations) where Defendants paid the plaintiff 225% of the amount his maximum possible back pay and liquidated damages would be if damages were calculated by a retroactive "fluctuating workweek" or *Missel*-type "half-time" calculation method ("half-time method") rather than the default time-and-a-half method ("default method"), grossed up to add a 40% contingency fee.  *See* Decl. of C. Andrew Head at ¶ 23, attached hereto as Exhibit A ("Head Decl.").  So on July 14, 2014, prior to Defendants having to file an Answer, Plaintiff sent Defendants a written settlement demand offering to settle using the same exact settlement

---

[2] *Brackett v. Aarene Contracting, LLC and Gary Mills*, No. 1:13-cv-1461-AT (N.D. Ga.) (the "*Brackett* litigation").

calculation (in this case, a gross amount of $94,400 inclusive of all back pay, liquidated damages, attorney's fees and costs). *Id.*

Defendants did not respond. *Id.*

The parties then held their early planning conference, at which time Plaintiff asked Defendants if they were interested in discussing settlement. *Id.* Defendants responded that they were not interested at that time, but might address settlement after discovery. *Id.* Litigation continued, the parties conducted depositions and exchanged written discovery and document productions, and the discovery period concluded without Defendant having offered a penny. *Id.*

On January 15, 2015, after the close of discovery and within a few days of filing a motion for summary judgment seeking a half-time damages ruling, Defendants served Plaintiff with a Rule 68 Offer of Judgment for payment of only $27,000 net to Plaintiff, plus attorney's fees and costs *only through the date of the offer* (thereby attempting to cut off Plaintiff's right to recover fees and costs for any ensuing fee petition proceedings and through the date of judgment) in an amount to be agreed or to be decided by the Court. *Id.* Plaintiff did not accept the offer, but offered to settle the case for a lump sum payment of $90,000 prior to additional Rule 11 letters/motions and additional summary judgment briefing and proceedings. *Id.*

After more than a week passed, Defendants responded that they would not talk settlement until after the Court rules on summary judgment. *Id*. Litigation continued, Plaintiff filed their affirmative summary judgment motion on the administrative exemption, Defendants' Section 260 "good faith" defense, and Defendant Mills' individual liability as a managing corporate officer, Plaintiff served another Rule 11 letter and motion regarding Defendants' failure to cite Eleventh Circuit authority (*Lamonica*) that is controlling on the issue of calculation of damages, and the parties continued to incur fees and costs on both sides. *Id*.

After both sides filed summary judgment motions, the Court ordered the parties to mediation and stayed the case. *Id*. Plaintiff is prohibited from recounting the negotiations that followed at the mediation due to the mediation privilege (although the offers exchanged prior to mediation may not be covered by that privilege). *Id*. As a result of mediation, the parties agreed to settle Plaintiff's damages claims only for $38,750 to Plaintiff net of fees and costs. *Id*. Plaintiff then

offered to negotiate settlement of the fees and costs, but Defendants refused, thereby requiring this motion. *Id.*

B. Summary of Defendants' Litigation Practices Driving Up Fees

Defendants filed their Answer on August 1, 2014 [Doc. 3], alleging numerous affirmative defenses, including that Plaintiff's job duties satisfied the executive exemption to the FLSA's overtime pay requirements. [Doc. 3] Yet, as the previous *Brackett* litigation revealed to Defendants and their same counsel, Defendant's Superintendents never supervised the work of two or more employees on Aarene's payroll (only subcontractors and occasional day laborers), meaning that Defendants could never satisfy the "two or more employees" requirement for the executive exemption. *Id.* at ¶ 24. Accordingly, on August 14, 2014, Plaintiff's counsel sent defense counsel a Rule 11 letter on this issue. *Id.* Defense counsel refused to withdraw the exemption, citing *Armitage v. Dolphin Plumbing and Mechanical, LLC*, 510 F. Supp. 2d (M.D. Fla. 2007) in support of Defendants' position. After additional Rule 11 correspondence challenging Defendants' reading of *Armitage,* including Plaintiff pointing out to defense counsel that a judge of this Court in *Bailey v. Innovative Contracting Solutions, Inc.*, 2014 WL 6816830, at *5 (N.D. Ga. Dec. 5, 2014), ruled that the very interpretation of *Armitage* that defense counsel was

relying upon was wrong and that "two or more employees" means company payroll employees not subcontractors, defense counsel finally withdrew Defendants' executive exemption by Amended Answer [Doc. 17-1].  Head Decl. at ¶ 24.

On January 26, 2015, Plaintiff's counsel served defense counsel with another Rule 11 letter and draft motion failure to alert the Court to controlling Eleventh Circuit authority in Defendants' Memorandum in Support of Motion for Summary Judgment on the issue of calculation of damages and determination of the amount of hours that payment was intended to compensate, as well as Defendants' meritless affirmative defense under 29 U.S.C. § 259."  Defendants' summary judgment motion wholly failed to bring the Court's attention to controlling Eleventh Circuit authority in *Lamonica, v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299 (11th Cir. 2013), on virtually identical facts as in this case, holding that half-time damages were not the default, nor the only, method of calculating damages, rejecting defendant's request for a jury instruction limiting that calculation to only the "half-time method," and affirming the jury's verdict awarding damages to salaried employees at the default method of time-and-one-half their regular rate.  Head Decl. at ¶ 24.  Moreover, Plaintiff challenged Defendants' continued assertion of the Section 259 affirmative defense of an absolute bar to liability, as Defendant Aarene's

6

responses to Plaintiff's discovery requests revealed that Aarene never acted in conformity with or relied on any written administrative interpretation by a designated agency, such as the Wage and Hour Division of United States Department of Labor ("DOL") in determining Plaintiff's compensation as required for a 259 bar to liability. *Id*. On January 28, 2014, Defendants withdrew their § 259 affirmative defense and filed a Second Amended Answer and Additional Defenses [Dkt. 22-2]. *Id*.

Defendants, however, never withdrew their Section 260 "good faith" defense to liquidated damages, and despite his admissions in his deposition never withdrew their defense that Aarene's owner and managing corporate officer Mills was not subject to individual liability for the alleged FLSA violations. Plaintiff therefore filed a motion for summary judgment on the only remaining exemption pled by Defendants (administrative), the Section 260 "good faith" defense, and the individual liability of Defendant Mills.

C. Summary of Pertinent Settlement Terms

In the settlement agreement entered as the judgment of this Court, Defendants agreed to pay Plaintiff the total amount of $38,750 ($19,375 for alleged back overtime wages, and $19,375 for alleged liquidated damages), net of fees and costs.

The amount paid to Plaintiff was significantly higher than the amount Defendants' claimed Plaintiff could ever be awarded using the half-time method of calculating damages.

## II.   <u>ARGUMENT AND CITATION OF AUTHORITY</u>

It is indisputable that Plaintiff, having obtained a stipulated judgment in his favor, is a prevailing party entitled to the mandatory fee award provisions in 29 U.S.C. § 216(b).

### A.   **The Time Plaintiff's Attorneys Invested in the Case was Reasonable and Necessary to Achieve This Result.**

Reasonable attorneys' fees and costs for the prevailing party under a fee-shifting statute will generally be calculated using the lodestar formula.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

In calculating the lodestar, the Court determines whether the fees requested are based on a reasonable hourly rate in the relevant legal market for similar services by lawyers of reasonably comparable skills, experience, and reputation.  *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The Court must also determine whether the hours expended were reasonable, which turns on whether counsel exercised appropriate billing judgment to exclude hours for excessive, redundant, or otherwise unnecessary work.  *Norman*, 836 F.2d at

1301.  The petition of a reasonable hourly rate to the reasonable hours expended yields a reasonable lodestar.  Here, counsel for Plaintiff invested reasonable time in the case and are requesting reasonable rates.

### 1.     The Time Recorded by Plaintiff's Attorneys

In determining whether counsel expended a reasonable amount of time on a case, courts look first to the time the attorneys recorded.  *Hensley*, 461 U.S. at 433 (noting the hours counsel spent on the case are "[t]he most useful starting point for determining the amount of a reasonable fee").  Plaintiff's counsel in this case move to recover fees for 286.07 hours expended on this case, broken down as follows:  C. Andrew Head – 79.1 hours ($33,617.50); and Jerilyn E. Gardner - 207 hours ($56,925.00).  *See* Head Decl. at ¶ 2; *see also* Exhibit B, Decl. of Jerilyn E. Gardner ("Gardner Decl.") at ¶ 13.

Prior to incurring additional fees in preparation for this motion, and in exercising billing judgment, Plaintiff's counsel cut the time for all timekeepers by 12.9 hours, resulting in a reduction of fees from $91,810.00 to $88,262.50.  *See* Original Bill attached to Exhibit A, Head Decl., with write-off notations.  With the additional 6.6 hours by all timekeepers as a result of time spent on preparing the

instant motion and its exhibits, Plaintiff's counsel requests fees in the amount of $90,542.50.

### 2.    Plaintiff's Attorneys' Time Recorded is Reasonable.

The Court next looks to the reasonableness of the hours recorded by counsel. "Prevailing plaintiff's attorneys must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." *Galdames v. N & D Inv. Corp.*, 432 F. A'ppx 801, 806 (11th Cir. 2011) (internal quotations and citations omitted). However, Plaintiff's counsel's sworn declarations attesting to the time claimed is entitled to "considerable weight on the issue of the time required . . ." *Perkins v. Mobile Housing Bd.*, 847 F.2d 735, 738 (11th Cir. 1988). Indeed, counsel's attestations are given such weight that to reduce the fees requested, the time claimed must be "obviously and convincingly excessive under the circumstances." *Id.* "[C]ompensable activities include pre-litigation services in preparation of filing the lawsuit background research and reading in complex cases, productive attorney discussions and strategy sessions, negotiations, routine activities such as making telephone calls and reading mail related to the case, monitoring and enforcing the favorable judgment, and even preparing litigating the request for

attorney's fees." *Weissinger v. Murray*, No. 1:06-CV-1544-TWT, 2009 WL 1971612, at *6 (N.D. Ga. Jul. 2, 2009).

In an effort to litigate this case to settlement on Plaintiff's behalf, despite Defendants numerous refusals to settle the case early on, Plaintiff's counsel, as noted above, expended a total of approximately 286.07 hours in this case, which after exercising appropriate billing judgment, was reduced by 12.9 hours. *See* Head Decl. at ¶¶ 2 and 20 and Gardner Decl. at ¶ 13.

Plaintiff's counsel, Mr. Head and Ms. Gardner, have each submitted declarations attesting to their work on this case, and stating that in their professional judgment the time spent litigating this case was reasonable and necessary. *See* Head Decl. at ¶ 25 and Gardner Decl. at ¶ 14.

In preparation for this fee petition and prior to drafting his declaration, lead counsel C. Andrew Head reviewed each time entry for himself and Ms. Gardner to ensure that sound billing judgment was exercised. Head Decl. at ¶ 20. While Ms. Gardner handled the lion's share of the recorded time in this case, Mr. Head, as the more senior and experienced attorney, often assisted Ms. Gardner with briefing and case strategy, including but not limited to, discussions regarding deposition preparation, settlement negotiations, discovery requests, and the drafting of various

pleadings filed and/or forwarded to defense counsel – with each attorney making a distinct contribution to the case. *See Norman*, 836 F.2d at 1302 ("There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer."). These collaborations are entirely reasonable, and in fact expected in cases with multiple attorneys, especially where one is a junior attorney and the other more senior and experienced litigating the issues presented in this case. Indeed, "[w]here multiple attorneys are involved in a case, there must be some coordination among them, and more senior attorneys must have the ability to review and revise the work of more junior attorneys." *Eason v. Bridgewater & Assoc., Inc.*, 2015 WL 3617080, at *3, -- F. Supp. 3d --  (N.D. Ga. Jun. 9, 2015) (FLSA case involving multiple attorneys for plaintiffs, granting plaintiffs' counsel all fees and costs requested and finding fees were not unnecessary, unreasonable or duplicative, even where a junior and senior attorney both attended the deposition of defendant); *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County*, 278 F. Supp. 2d 1301, 1315 (M.D. Fla. 2003) (noting that "time spent in attorney conferences is generally compensable for each participant. . . . [t]hus, attorneys must spend at least some of their time

12

conferring with colleagues, particularly their subordinates, to ensure that a case is managed in an effective as well as efficient manner.) (internal citations and quotations omitted); *see also Oklahoma Natural Gas Co. v. Apache Corp.*, 355 F. Supp. 2d 1246, 1262–63 (N.D. Okla. 2004) ("Obviously, lawyers working together on a case must communicate with each other and that communication may spare the client duplication of effort").

Moreover, defense counsel's assertion of meritless affirmative defenses – only some of which were belatedly withdrawn and abandoned -- and Defendants' refusal to engage in settlement talks at virtually every stage of this litigation, including Defendants' refusal to negotiate fees and costs even after reaching a settlement agreement as to Plaintiff's damages necessitating the filing of this motion, contributed to the growing amount of attorneys' fees incurred by Plaintiff that will continue to add up through Plaintiff's reply brief and final judgment. See Head Decl. at ¶ 23. These tactics by Defendants guaranteed that litigation would needlessly continue and fees would increase. As this Court has previously noted:

> Defendant's refusal even to attempt to negotiate a reasonable settlement and choosing instead to assert a number of meritless defenses to which Plaintiff was then required to respond are factors the Court may properly take into account in assessing the reasonableness of the hours expended by Plaintiff's counsel. Defendant 'cannot

> litigate tenaciously and then be heard to complain about
> the time necessarily spent by the plaintiff in response.

*Gaylor v. Greenbriar of Dahlonega Shopping Center, Inc.*, 2014 WL 2195719, at *5

(N.D. Ga. May 27, 2014) (Story, J.) (quoting *City of Riverside v. Rivera*, 477 U.S.

561, 580 n.11 (1986)); *see also Shipes v. Trinity Indus.*, 987 F.2d 311, 321 (5th Cir.

1993) (stating that "obstinate conduct by opposing counsel is compensated by the

additional number of hours required to prevail over such obstina[]cy").

### 3.   Plaintiff's Attorneys' Fees and Costs Are Reasonable Compared to Plaintiff's Damages.

Even where a plaintiff's attorneys' fees far exceed the damages amounts, an

FLSA plaintiff is nonetheless entitled to those fees.  The FLSA's fee shifting

provision is vital to the Act, for without it employees would have little motivation

to bring, and attorneys would have no incentive to take, low-damage FLSA claims.

Because of this reality, "attorneys' fees are an integral part of the merits of FLSA

cases and part of the relief sought therein."  *Shelton v. Ervin*, 830 F. 2d 182, 184

(11th Cir. 1987).  Oftentimes damages in FLSA cases are lower than attorneys' fees,

but because fee awards are mandatory for prevailing plaintiffs in FLSA cases, this

should be of no consequence.

For sure, the Supreme Court has noted that a rule requiring proportionality between the plaintiff's recovery and the attorney's fee "would make it difficult, if not impossible, for individuals with meritorious . . . claims but relatively small potential damages to obtain redress from the courts." *Rivera*, 477 U.S. at 578.  The same logic applies to FLSA cases, where it is very common that the attorneys' fees will exceed the amount recovered for the plaintiffs:

> While the nature of the results obtained may result in an upward or downward adjustment of the lodestar, "[f]ee awards should not simply be proportionate to the results obtained," especially in the context of FLSA cases, where it is not uncommon for fee awards to exceed the Plaintiff's recovery in order to ensure that individuals with relatively small claims can obtain representation necessary to enforce their rights.

*Brandt v. Magnificent Quality Florals Corp.*, 2011 WL 4625379, at *12 (S.D. Fla. Sep. 30, 2011); *Cain v. Almeco USA, Inc.*, 2014 WL 2158413, at *1 (N.D. Ga. May 23, 2014) (awarding fees in the amount of $173,300.50 where plaintiff's damages were only $6,097, finding that a loadstar of more than ten times the amount of damages is "not remarkable in an individual FSA case seeking overtime."); *see also Barnes, et al. v. United Home Care of N. Atlanta, Inc., et al.*, 2013 WL 3897423, at *1 (N.D. Ga. Jul. 29, 2013) (Story, J.) (granting attorneys' fees in the amount of $68,000 where plaintiffs' collective recovery was $16,131); *Pyczynski v. Kirkland's*

*Stores, Inc.*, 2008 WL 544864, at *5 (M.D. Fla. Feb. 26, 2008) (applying *Riverside* to FLSA claims and noting that "[g]iven the nature of claims under the FLSA and the remedial purpose of the Act, it is not uncommon that the attorneys' fees will exceed the amount recovered by the plaintiff.).

Accordingly, Plaintiff's attorneys' fees in this case should not be reduced to reflect a proportionate share to Plaintiff's overtime damages.

### B.    Plaintiff's Attorneys' Rates are Reasonable

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers or reasonably comparable skills, experience, and reputation." *Loranger v. Stierheim*, 10 F. 3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1299)). "Evidence of rates actually billed and paid in similar lawsuits, direct evidence of charges by lawyers under similar circumstances, or opinion evidence are examples of sufficient proof. . . . [t]he range of fees is accounted for in experience, skill and reputation, with skill being the ultimate determinate of compensation level." *St. Claire v. Trauner, Cohen & Thomas, LLP*, 2008 WL 151542, at *1 (N.D. Ga. Jan. 11, 2008) (internal quotations omitted). Further, while "[s]kill may be a function of experience, [it] is not always the case. [] If a young attorney shows skill and ability, she will not be penalized for

only recently being admitted to the bar and lacking experience. *Id*. (internal citation omitted) (citing *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 719 (5th Cir.1974)).

Here, Plaintiff's counsel has submitted declarations attesting to their experience and skillset, (*see* Exhibits A & B), and well-known Atlanta employment law attorneys Cheryl B. Legare and Alan H. Garber have submitted declarations in support of this motion, attesting to the reasonableness of Plaintiff's counsel's rates, their experience, and skill. *See* Decl. of Cheryl B. Legare, attached hereto as Exhibit C ("Legare Decl.") and Decl. of Alan H. Garber, attached hereto as Exhibit D ("Garber Decl."). Ms. Legare testified to extensive knowledge of the experience and skill of Plaintiff's counsel and the reasonableness of the time incurred in litigating this case to a successful stipulated judgment. Legare Decl., at ¶¶ 10-12. Mr. Garber testified to extensive knowledge of Mr. Head's skill and expertise as compared to his law partner and co-counsel, both of whom this Court deemed deserving of a $450 hourly rate in 2012. Garber Decl., at ¶ 4. *See Zimmerman v. SunTrust Bank*, No. 1:09-CV-2116-RWS, (N.D. Ga.).

Plaintiff's counsel's fees are based on their 2015 hourly rates for work performed in 2014 and in 2015. *See Eason*, 2015 WL 3617080, at *5 (noting that

the Court may award counsel's current rates, as opposed to their historical rates, on a motion for an award of attorneys' fees: "[t]o the extent Defendants suggest that Plaintiffs should have used their actual historical rates in calculating fees, it is well-recognized that use of current, as opposed to historical, rates, may properly account for "inflation and delay in receipt of payment.").[3]  Accordingly, Plaintiff's counsel requests that the Court award fees at the following 2015 hourly rates:

- Mr. Head:        $425.00 per hour

- Ms. Gardner:    $275.00 per hour

The 2015 hourly rate for Ms. Gardner, a fifth year attorney, is in line with her experience relative to Mr. Head, an attorney with approximately 20 years of experience in employment law.  Additionally, while Plaintiff's counsel took this case on a contingency fee basis, both Mr. Head and Ms. Gardner also handle matters on an hourly basis.  The rates at which they have each billed and/or received payment in their hourly matters are the same rates they are requesting in the instant petition. *See* Head Decl. at ¶ 11 and Gardner Decl. at ¶ 9.

---

[3] This Court's fee opinion in *Eason* also noted that Mr. Head, who had provided a supporting fee affidavit for plaintiffs' counsel in that case, was "well-known" in the employment law field. *See Eason*, 2015 WL 3617080, at *4.

Because the Atlanta market regularly compensates Mr. Head and Ms. Gardner at their requested rates, Plaintiff's counsel submits that these rates are reasonable lodestar rates. *See Eason*, 2015 WL 3617080, at *5 (finding reasonable the rates of $400/hour for a 12-year practicing attorney and $250/hour for a 4-year practicing attorney reasonable); *Moore ex rel. Moore v. Cook*, 2012 WL 5362892, at * (N.D. Ga. Oct. 31, 2012) (awarding $475/hour for attorney with 23 years' experience, $400/hour for attorney with 26 years' experience, and $330/hour for attorney with 10 years' experience).

## III.   PLAINTIFF'S BILL OF COSTS

On May 27, 2015, Plaintiff filed his Bill of Costs [Doc. 34], which included an itemization of the Bill of Costs [Doc. 34-1].  On, June 17, 2015, the Clerk of Court taxed Plaintiff's Bill of Costs [Doc. 35], which Defendants did not oppose.[4]

---

[4] Defendants did not file a motion within 7 days of the Clerk's taxation of costs in this case objecting to Plaintiff's Bill of Costs, *see* Fed. R. Civ. P. 54(d)(1); therefore, Defendants have waived any objection to the costs taxed.  *Johnson v. Mortham*, 173 F.R.D. 313, 316 (N.D. Fla. 1997) ("As a general rule, if a party fails to file a timely objection to the clerk's taxation of costs, any objection is waived, and the district court is not obliged to review the taxation of costs.") (internal quotations and citations omitted)

## <u>CONCLUSION</u>

For the reasons set forth above and those set forth in the accompanying declarations, Plaintiff respectfully requests that this Court award the full fees requested: $90,542.50 in attorneys' fees, with additional fees to be awarded by subsequent petition following this and any other post-petition briefing.

Respectfully submitted this 10th day of July, 2015.

*/s/ Jerilyn E. Gardner*
C. Andrew Head
Georgia Bar No. 341472
Jerilyn E. Gardner
Georgia Bar No. 139779
Attorneys for Plaintiff
Head Law Firm, LLC
White Provision, Ste. 305
1170 Howell Mill Rd, NW
Atlanta, Georgia 30318
(404) 924-4151
(404) 796-7338 (facsimile)
Email: jgardner@headlawfirm.com
        ahead@headlawfirm.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), counsel hereby certifies that this document has been prepared using Times New Roman 14 point font, as approved by Local Rule 5.1(c).

This 10th day of July, 2015.

*/s/ Jerilyn E. Gardner*
Jerilyn E. Gardner

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of July, 2015 a true and correct copy of the foregoing BREIF IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES was filed electronically with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record participating in the CM/ECF system for this civil action:

> Andria L. Ryan, Esq.
> Edward N. Boehm, Jr., Esq.
> FISHER & PHILLIPS, LLP
> 1075 Peachtree Street, N.E.
> Suit3 3500
> Atlanta, Georgia 30309
>
> Counsel for Defendants

> */s/ Jerilyn E. Gardner*
> Jerilyn E. Gardner