IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PHIL YOUNGCLAUS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:14-CV-1723-RWS |
| AARENE CONTRACTING, LLC, : | |
| and GARY L. MILLS, : | |
| : | |
| Defendants. : | |
| : | |

# **ORDER**

This case is before the Court for consideration of Plaintiff's Motion for Award of Attorneys' Fees [38]. After reviewing the record, the Court enters the following Order.

Plaintiff brought this action pursuant to the Fair Labor Standards Act ("FLSA") seeking to recover unpaid overtime pay. Before Defendants filed their Answer, Plaintiff sent a written demand to settle for $94,400. Defendants rejected the demand. Then, after the close of discovery and before motions for summary judgment were filed, Defendants served Plaintiff with a Rule 68 Offer of Judgment for payment of $27,000 plus attorneys' fees and costs through the date of the offer. Plaintiff did not accept the offer. After Plaintiff and

AO 72A
(Rev.8/82)

Defendants filed motions for summary judgment, the Court ordered the parties to mediation. In mediation, the parties agreed to settle Plaintiff's claims for $38,750 plus attorneys' fees and costs.

In their Settlement Agreement, the parties agreed that Plaintiff is entitled to an "amount of attorney's fees and costs through the date of final Judgment awarded by the Court." (Settlement Agreement [31-1] at ¶ A). The Court finds that Plaintiff is the prevailing party and is entitled to reasonable attorneys' fees. 29 U.S.C. § 216(b). The starting point for an award of attorneys' fees is the calculation of the "lodestar." The lodestar is calculated by "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "Once the court calculates the lodestar, it may make appropriate adjustments to increase or decrease the award in light of a number of considerations, including the amount involved and the results obtained." Wisconsin Compressed Air Corp, 2008 WL at *2. Plaintiff has submitted affidavits and documentation in support of his claim. [38-2 through 38-5] In their Response, Defendants seek an across-the-board reduction based on Plaintiff's limited success and reductions based on Plaintiff's improper use of Rule 11 motions, unreasonable opposition to

2

Defendants' subpoenas, and duplicative fees. [39] The Court will address the fee request and Defendant's objections thereto, in turn.

1.  Attorney's Fees

The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). As stated, the Court finds that Plaintiff is the prevailing party and thus, is entitled to attorney's fees and expenses.

Defendants do not challenge the hourly rates sought by Plaintiff's counsel. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299. Having reviewed the rates sought by Plaintiff's counsel, the Court finds that the rates are reasonable.

Defendants seek an across-the-board reduction of Plaintiff's fee request based on his limited success. Comparing Plaintiff's original demand to his ultimate recovery, Defendants assert that Plaintiff recovered only 63% of the amount he sought. Defendants also compare the fees attributable to work performed after Defendants' Offer of Judgment. Defendants assert that the

3

amount of fees generated after the Offer is not justified when one considers Plaintiff ultimately recovered only an additional $11,750.

Responding to Defendants' statistics, Plaintiff points out that he recovered 44% more than Defendants had offered to pay. Plaintiff also asserts that the intent to cut off attorneys' fees at the time of the Offer of Judgment should be considered when analyzing the wisdom of Plaintiff's rejection of the Offer. The settlement reflects a compromise by all parties-Plaintiff accepted less than he demanded and Defendants paid more than they had offered. The Court finds that the results obtained by Plaintiff do not justify an across-the-board reduction in fees.

Defendants take issue with time expended by counsel for Plaintiff in connection with Rule 11 motions. The Court acknowledges that while the use of Rule 11 by Plaintiff was unusual, it was not improper. The Court does find that additional work was created by this approach and will, accordingly, reduce the fee request by $2,000.

Defendants challenge time attributed to Plaintiff's unsuccessfully challenging subpoenas to Plaintiff's subsequent and current employer and the appearance of two attorneys at depositions. As for the challenge to the

4

subpoenas, the challenge was not frivolous, but was brought in a good faith effort to protect Plaintiff from damage to his relationship with his employer. A valid argument was presented by Plaintiff, but he simply did not prevail. As for the attendance of more than one attorney at depositions, "[w]here multiple attorneys are involved in a case, there must be some coordination among them, and more senior attorneys must have the ability to review and revise the work of more junior attorneys. . . . The Court does not find the examples cited by Defendants . . . to be duplicative or otherwise unreasonable." Eason v. Bridgewater & Assocs., Inc., No. 1:11CV-2772-TCB, 2015 WL 3617080, *3 (N.D. Ga. June 9, 2015). Therefore, Defendants objections to these fees are overruled.

Based on the foregoing, Plaintiff is awarded attorneys' fees of $94,717.50.[1]

2.  Costs

On May 27, 2015, Plaintiff filed his Bill of Costs [34] for $2,844.47. Defendants filed no objections, and on June 17, 2015, the Clerk taxed the costs

---

[1] This sum includes $6,175 for fees associated with the Motion for Attorneys' Fees.

5

AO 72A
(Rev.8/82)

[35] against Defendants.

3.  Conclusion

Based on the foregoing, Plaintiff's Motion for Award of Attorneys' Fees [38] is hereby **GRANTED**. The Clerk shall enter **JUDGMENT** in favor of Plaintiff and against Defendants in the sum of $94,717.50 as attorneys' fees and $2,844.47 as costs.

**SO ORDERED**, this 27th day of October, 2015.

_____
**RICHARD W. STORY**
United States District Judge